## HANOVER FIRE INS. CO. v. ISABEL et al.

### No. 2497.

Circuit Court of Appeals, Tenth Circuit.
June 30, 1942.

112

F. A. Rittenhouse, of Oklahoma City, Okl. (John F. Webster, Walter D. Hanson, and A. J. Rittenhouse, all of Oklahoma City, Okl., on the brief), for appellant.

Hal Whitten, of Oklahoma City, Okl. (Whitten & Whitten, of Oklahoma City, Okl., on the brief), for appellees.

Before PHILLIPS, BRATTON, and HUXMAN, Circuit Judges.

HUXMAN, Circuit Judge.

Maria Isabel purchased an automobile in Los Angeles, California, under a conditional sales contract. The Commercial Discount Company, herein called the Finance Company, to which the obligation was assigned, insured it with appellant against loss through embezzlement, conversion, or concealment of the automobile by the purchaser. Difficulties were encountered at different times in collecting the monthly payments. The car was located in Oklahoma City, Oklahoma, and replevin action was instituted in the name of appellant against Maria Isabel for the possession of the car. Appellee Isabel filed an answer and cross petition. The answer denied that any payments were due at the time of the replevin action. In her cross petition, she asked judgment against appellant for damages suffered by the alleged wrongful replevin. A default judgment was entered in her favor against appellant for $8,349.

While numerous assignments of error are presented, challenging the trial court's findings of fact and conclusions of law, the answer to our problem centers around two questions: (1) Did H. F. Gekler represent appellant in instituting the replevin action in appellant's name, or, in the alternative, did appellant ratify, and become bound by, the institution of the replevin action? (2) Is the judgment void for fraud?

Maria Isabel was engaged in theatrical work. She used the car in traveling about from state to state in her work. Difficulty in collecting the monthly payments arose almost immediately. She neglected to make a payment due at Las Vegas, New Mexico, and H. F. Gekler, an adjuster, made the collection for the Finance Company. In June, the payments had again become delinquent and Gekler was assigned by the Finance Company to handle the claim. By telegram, he referred the claim to McAllister and Krippendorf of Oklahoma City, Oklahoma, authorizing them to replevin the car. Although representing the Finance Company at the time, he signed the telegram as adjuster for appellant. It was pursuant to the instructions in this telegram that the replevin action was instituted.

It may be conceded that an action instituted in appellant's name by a stranger without authority and without knowledge, confers no jurisdiction, and that a judgment based thereon is void. But, even if the original action in replevin was filed without the knowledge or consent of appellant, if it ratified the same it would be bound thereby. Furthermore, if appellant remained silent when, according to the ordinary experience of men, it should have spoken if it did not consent, ratification may be inferred. Crane Co. v. James McHugh Sons, Inc., et al., 10 Cir., 108 F.2d 55.

The finding of the court that appellant participated in the proceedings, directly or indirectly, from June 2, 1934, through June 26, 1936, the trial date when the replevin action was continued in the state court, is challenged on the ground that it is not sustained by competent evidence.

It is admitted that Selbach & Deans, with offices in Los Angeles, California, were general agents for appellant, and that Moran and Marshall of the city were agents of appellant by appointment of Mr. Dunn, office manager of Selbach & Deans. On May 31, 1934, by letter, the Finance Company transmitted the claim to Moran and Marshall, asking to be advised as to the progress of the investigation. The office of Selbach & Deans shows a claim filed with appellant on this car. While the filing date stamped on the jacket is blurred, it sustains the finding of the court that it was filed with the office June 2, 1934. The claim file carries Gekler's name. The telegram by Gekler authorizing the replevin suit was

dated June 15, 1934. Suit was instituted the same day. An inter-office letter in the office of Selbach & Deans shows the claim was in the general agent's office June 19, 1934. By letter dated August 6, 1934, Gekler advised the general agents that the replevin action was to be contested. By letter dated August 17, 1934, appellant's San Francisco office complained to the Los Angeles office because the claim had been assigned to an independent source, and asked them to keep in touch with Gekler and avoid loss. In a letter addressed to appellant's New York office, dated September 18, 1934, McAllister discussed the replevin bond and stated that Gekler had been advised of the pleadings that had been filed, and stated that no doubt the general agents at San Francisco would advise them fully about the case. In an inter-office letter dated September 20, 1934, Deans suggested to the Los Angeles office the discharge of Gekler. The letter discusses the replevin bond. It contains this very significant statement: "In any event, please take immediate action to get us out of this mess as promptly and economically as possible." In a letter from the Los Angeles office to the San Francisco office, replying to a letter of September 20, 1934, the writer reports on the Isabel claim, mentions the date of the trial, and speaks of "our Adjuster McAllister."

■ The record is replete with other evidence from which it can be inferred that Gekler was representing appellant and that it had knowledge of the pendency of the action. The finding of the court in this respect is abundantly sustained by competent evidence. True, there was other evidence from which a contrary conclusion could be drawn, but that was for the trial court. The scope of our inquiry on appeal is limited to ascertaining whether the finding is supported by competent evidence.

It is strenuously argued that the judgment was fraudulently obtained and is therefore void. As stated, this action was instituted June 15, 1934. The default judgment was not taken until December 22, 1937. The answer and cross petition was filed April 9, 1935. The case was set for trial for June 26, 1936. It was stricken from the trial docket at the request of the attorney who, of record, was representing appellant. It was reset for trial for June 10, 1937, but was again stricken at the request of appellant's attorney of record. It was reset for December 5, continued to December 20, and

was then stricken and reset for trial December 22, 1937, when default judgment was finally taken.

■ There is no evidence from which an inference of bad faith can be charged against Whitten and Whitten, attorneys for cross petitioner. On the other hand, the record is replete with evidence showing good faith on their part. Elbert E. Hensley of Los Angeles was employed in the spring of 1935 by Mr. Thomas of Selbach & Deans, in connection with the case. He wrote McAllister and received copies of all the pleadings in the case. He received a copy of the cross petition and forwarded a copy thereof to Selbach & Deans. In August, 1937, Joe Whitten was in Los Angeles and tried to contact Hensley. He was out of town, but Whitten talked to an employee of his office and informed her that he wanted to get his side of the case settled and asked her to so inform Hensley, which she did. On September 21, 1937, Whitten and Whitten addressed a letter to Hensley in care of appellant's office in Los Angeles, asking for a reply to their letter of September 3, and stated that in the absence thereof they would assume that "your company chooses to ignore the case." Hensley replied to this letter October 2, 1937, stating that he would give the matter attention, but nothing further was done, and finally, on December 22, 1937, default judgment was taken.

■ It is charged that appellee Isabel was guilty of fraud in that for a consideration she settled and released her claim and thereafter took default judgment. On October 15, 1935, a release was executed by Maria Isabel, by George H. Bowles, authorized agent. It recited the pendency of the cross petition and the claim for $10,950 damages from the Hanover Fire Insurance Company on account of the replevin action. It acknowledged the receipt of $200 in full accord and satisfaction of and in compromise and settlement of the disputed claim. There was testimony by both Bowles and Hensley from which it could be concluded not only that Bowles had authority to represent appellee Isabel in the settlement of the claim, but also that she knew of the negotiations resulting in the execution of the release. She denied any knowledge of the execution of the release. She testified that Bowles was her theatrical agent but had no authority to represent her in connection with this claim. The trial court chose to give cred-

ence to her testimony, and we find no reversible error in its findings of fact based thereon.

■ Appellant places strong reliance on the release. It cannot take the benefits thereof without also being charged with the liabilities therein. By the release on which it relies, it is foreclosed from asserting that it had no knowledge of the action pending against it in the District Court of Oklahoma. For more than two years it had this knowledge and for that time held this release, knowing that an action was pending against it in which it was in default for failure to plead. Had it filed the release in the state court and moved for a dismissal of the action, no default judgment would have been rendered and all these issues would have been determined in the original action, and the federal court would not have been asked to interfere with the judgment of the state court in a declaratory action.

Error is predicated on a number of additional findings by the trial court. In the interest of brevity and in order not to extend this opinion to undue lengths, we do not discuss them in detail. We have examined each of them with particularity and find no reversible error therein.

Affirmed.